**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| PAMELA TODD, | ) | No. EDCV 08-147 CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge. Plaintiff seeks review of the denial of disability benefits. The court finds that judgment should be granted in favor of defendant, affirming the Commissioner's decision.

**I.   BACKGROUND**

Plaintiff Pamela Todd was born on February 23, 1954, and was fifty-one years old at the time of her administrative hearing. [Administrative Record, "AR," 56, 194.] She has some college education and past relevant work experience as a pre-school teacher.

1

[AR 20, 122.]  Plaintiff alleges disability on the basis of carpal tunnel syndrome in both hands and back problems. [AR 74.]

## II.  PRIOR PROCEEDINGS

Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") on May 12, 2004, alleging disability since December 1, 2003.  [AR 56-58, 179-80.]  Plaintiff amended her DIB application to allege an onset date of March 19, 2004. [AR 59.]  An administrative hearing was held on November 7, 2005, before Administrative Law Judge ("ALJ") F. Keith Varni.  [AR 194.] Plaintiff appeared with counsel, and testimony was taken from plaintiff, third party witness Tammi Kendal, and vocational expert ("VE") Joseph Mooney.  [Id.]  The ALJ denied benefits in a decision dated December 7, 2005. [Decision, AR 21.]  The Appeals Council denied review on April 12, 2006. [AR 6.]

Plaintiff filed a complaint in the district court on May 19, 2006 (Case No. EDCV 06-461 CW).  On January 24, 2007, the court issued a decision and order remanding the matter for further administrative proceedings.  An administrative hearing was held on October 30, 2007, before ALJ Varni. [AR 294.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff and VE Mooney. [AR 295.]  The ALJ denied benefits in a decision dated November 28, 2007. [AR 217.]

The instant complaint was lodged on February 4, 2008, and filed on February 13, 2008.  On August 14, 2008, defendant filed an answer and plaintiff's Administrative Record ("AR").  On September 11, 2008, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

### IV. DISCUSSION

#### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the

claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to

prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

In the latest administrative decision, the ALJ found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date (step one); that plaintiff had "severe" impairments, namely bilateral carpal tunnel syndrome, possible C-8 radiculopathy, and dysthymic disorder (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 213, 215.] Plaintiff was found to have an RFC for the full range of medium work, except for, in pertinent part, reaching with the hands more than frequently; and handling, fingering, feeling, pushing and pulling with the hands more than occasionally. [AR 215.] The vocational expert testified that a person with plaintiff's RFC could perform plaintiff's past relevant work as a preschool teacher (step four). [AR 216, 300.] Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [AR 217.]

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation sets out the following disputed issues:

1.  Whether the ALJ properly considered the opinion of the examining physician;
2.  Whether the ALJ properly considered whether plaintiff could perform her past relevant work in light of the examining physician's opinion;
3.  Whether the ALJ properly considered a questionnaire regarding plaintiff's ability to do work-related activities (physical);
4.  Whether the ALJ properly developed the record in light of the questionnaire; and
5.  Whether the hypothetical posed to the vocational expert reflected the limitations set forth in the questionnaire.

[JS 2-3.]

**D.   ISSUES ONE AND TWO: EXAMINING PHYSICIAN**

In August 2007, plaintiff underwent a comprehensive orthopedic evaluation conducted by Dr. William C. Boeck. [AR 255-59.] Plaintiff complained of problems with her upper extremities and past carpal tunnel surgery on the right hand. [AR 255.]  Upon physical examination, Dr. Boeck found that the range of motion in plaintiff's upper extremities, including her shoulders, elbows, forearms, wrists and hands, was grossly normal. [AR 257.]  Additional findings included that plaintiff had "only fair strength" in both hands and hypersensitivity on the ulnar aspect of the right wrist, the hypothenar eminence, and the ring and little fingers. [Id.]  Dr. Boeck diagnosed bilateral carpal tunnel syndrome, status post surgery on the

right wrist, the dominant upper extremity. [AR 250.] Dr. Boeck also completed a questionnaire entitled Medical Source Statement of Ability to do Work-Related Activities (Physical). [AR 260-65.] With regard to plaintiff's exertional limitations, Dr. Boeck found, among other things, that plaintiff could lift up to fifty pounds occasionally and twenty pounds frequently, sit for eight hours in a workday, and stand or walk for four hours in a workday. [AR 260-61.] With respect to plaintiff's ability to use her hands, Dr. Boeck responded that plaintiff could perform reaching "frequently," i.e., one-third to two-thirds of the time, but that she could handle, finger, feel and push/pull only "occasionally," i.e., up to one-third of the time. [AR 262.]

    In the administrative decision, the ALJ detailed Dr. Boeck's examination and concluded that it "indicated limits consistent with a narrow range of medium work," except for the ability to reach with her hands more than frequently and handle, finger, feel, push and pull more than occasionally, among other things. [AR 214.] Accordingly, the ALJ found that plaintiff could perform her past relevant work as a preschool teacher. [AR 216.] Plaintiff contends that the ALJ failed to take into account fully Dr. Boeck's opinion, specifically, that plaintiff had limitations in the use of her hands as described above. [JS 3.] Plaintiff further contends that if such limitations were credited, it would preclude plaintiff from doing her past relevant work because the job of teacher requires "frequent" handling according to the Dictionary of Occupational Titles ("DOT"). [JS 6.]

    First, it is evident that the ALJ took into account and credited Dr. Boeck's opinion regarding plaintiff's limitations in the use of her hands because the ALJ's functional assessment in that area is

identical to that of Dr. Boeck. [<u>Compare</u> AR 215 and AR 262.]

Second, the ALJ's functional finding was not inconsistent with plaintiff's ability to perform her past relevant work.  The Ninth Circuit has held that, pursuant to a finding of non-disability at step four, a claimant must be able to perform: 1. The actual functional demands and job duties of a particular past relevant job; or 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.  <u>Pinto v. Massanari</u>, 249 F.3d 840, 845 (9th Cir. 2001)(<u>citing</u> SSR 82-61, 1982 WL 31387).  The ALJ need only make findings as to either general or actual performance of past relevant work, but not both.  <u>Id.</u> ("We have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed.")(emphasis in original).  Although plaintiff, who was found to be limited to handling "occasionally," points out that the job of preschool teacher, as described in the DOT, requires handling "frequently," this inconsistency does not mean that the ALJ's step four finding was erroneous.  Although the description of the preschool teacher job in the DOT may suggest that plaintiff would have difficulty performing that job as generally performed in the national economy, it would not prevent a finding that plaintiff could return to her job as she actually performed it.  As to the latter determination, two sources of information that may be used to define a claimant's past relevant work as actually performed are a properly completed vocational report and the claimant's own testimony.  <u>Id.</u>  Here, in a Disability Report completed in May 2004, plaintiff reported that her job as preschool teacher required zero hours of handling, grabbing or grasping big objects each day, as well as two hours of handling small

objects each day; both of these demands fall below plaintiff's limitation to handling on an occasional basis, i.e., up to one-third of the time. [AR 76, 215, 262.] Accordingly, it was not unreasonable for the ALJ to conclude that the limitations in plaintiff's use of her hands would not preclude her from performing the actual functional demands and job duties of her past relevant work.

**E.   ISSUES THREE, FOUR and FIVE: FUNCTIONAL QUESTIONNAIRE**

In April 2007, an unidentified physician submitted a "Medical Opinion Re: Ability to do Work-Related Activities (Physical)".[2] [AR 287-89.] Among other things, the physician wrote that plaintiff should be limited to carrying less than ten pounds on an occasional or frequent basis, and that the following physical functions were affected: reaching, handling, fingering, feeling, and pushing/pulling. [AR 287, 288.] In response to the question of what medical findings support the limitations, the physician wrote, "C-8 radiculopathy with carpal tunnel" and "EMG [Electromyogram]/NCS [Nerve Conduction Study]." [AR 288.]

In the administrative decision, the ALJ found this assessment "unpersuasive" because "[n]o clinical findings of significance are cited and the apparent opinion of basic hand uselessness is rebutted by the findings of the two consultative orthopedic examiners as well as those of the State agency medical consultants."[3] [AR 216.]

---

[2] Because the physician is unidentified, the nature of his or her relationship with plaintiff is not clear.

[3] In the latest administrative decision, as well as a prior decision incorporated by reference, the ALJ discussed the medical source opinions that supported a finding of non-disability. One of the consultative orthopedic examiners, Dr. Boeck, opined that plaintiff had certain limitations in the use of her hands, which the ALJ found would not preclude plaintiff from performing her past

9

Plaintiff argues that the ALJ improperly rejected this opinion "without providing legally sufficient reasons" and that the ALJ should have developed the record further regarding the basis for the opinion. [JS 8, 10.] Plaintiff also argues that the limitations set out in the opinion should have been credited and included in the hypothetical questions posed to the VE at the administrative hearing. [JS 14.]

First, the ALJ provided specific and legitimate reasons supported by substantial evidence in the record to reject this medical opinion. See Lester, 81 F.3d at 830. The ALJ made a detailed summary of and explanation for why the opinions of two examining physicians and two state agency physicians should be given greater weight than the unattributed opinion above. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Second, to the extent that plaintiff argues that the ALJ should have further developed the record to determine the basis of the opinion, the record was not ambiguous or otherwise inadequate so as to trigger such a duty. See Widmark v. Barnhart, 454 F.3d 1063, 1068 (9th Cir. 2006). In this case, the ALJ articulated specific and legitimate reasons to find the unidentified opinion not persuasive and cited substantial evidence to support the ultimate disability determination; under these circumstances, further inquiry was not required. See Mayes v. Massanari, 276 F.3d 453, 459-460 (9th Cir. 2001)("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.")(citing Tonapetyan v.

---

relevant work, as discussed above. The second consultative examiner, Dr. Meltzer, found that from a purely orthopedic standpoint, plaintiff had no functional restrictions. [AR 126.] Two state agency review physicians, Dr. Haaland and Dr. Lizarraras, found that plaintiff's orthopedic problems were non-severe. [AR 130, 157.]

Halter, 242 F.3d 1144, 1150 (9th Cir. 2001)); Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001)(holding that the ALJ did not err in failing to seek additional evidence where the ALJ did not find the record insufficient to properly evaluate the evidence, the evidence already present did not consistently favor the claimant, and there was substantial evidence inconsistent with disability).  Moreover, because substantial evidence supported the ALJ's finding that the opinion at issue was not persuasive, Issue Three – which asserts that the limitations set out in the opinion should have been included in the hypothetical questions to the VE – is without merit.

### V.  ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED.**

2. This action is **DISMISSED WITH PREJUDICE**.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED:   October 21, 2008

                                       _____/S/_____
                                          CARLA M. WOEHRLE
                                      United States Magistrate Judge